# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DANA L. MATHEWS, | ) | CASE NO. 1:19-cv-2521 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| LYNEAL WAINWRIGHT, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

*Pro se* petitioner Dana L. Mathews filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is currently incarcerated in the Marion Correctional Institution, having been convicted on September 3, 2004 of aggravated murder with a firearm specification, attempted murder with a firearm specification, felonious assault with a firearm specification, having a weapon under disability, and illegal possession of a firearm in a liquor establishment. He was sentenced to thirty-six years to life in prison. In this petition, he asserts five grounds of ineffective assistance of trial counsel, one ground challenging a witness' in-court identification, one ground challenging the trial court's evidentiary ruling on the admission of prior bad acts, and one ground of insufficient evidence. He seeks dismissal of the aggravated murder charge, and a new trial on the other charges.

**I.    Background**

In 2004, a jury convicted petitioner of aggravated murder, attempted murder, felonious assault, having a weapon under disability, and illegal possession of a firearm in a liquor establishment. The first three counts also carried firearm specifications. He was sentenced to thirty-

six years to life in prison. His conviction was affirmed on appeal on February 8, 2006. The Supreme Court of Ohio denied petitioner's motion for leave to file an appeal. He tried unsuccessfully to reopen his appeal under Ohio App. R. 26(B). He did not appeal that decision to the Supreme Court of Ohio.

In 2006, petitioner filed his first § 2254 habeas petition in this district court, raising two grounds for relief: (1) he was denied due process when the trial judge instructed the jury that belief in the testimony of the state's witnesses required a guilty verdict; and (2) his due process rights were violated when the trial court permitted the admission of evidence of prior bad acts. *Mathews v. Konteh*, No. 1:06 CV 3028 (N.D. Ohio Mar. 1, 2010) (O'Malley, J.). Petitioner's second claim had two subparts: (a) allowing witness Tabitha Carter to testify about petitioner's prior bad acts was such an egregious evidentiary error that it rose to the level of a due process violation; and (b) Carter's in-court identification of petitioner was unnecessarily suggestive under *Neil v. Biggers*, 409 U.S. 188, 93 S. Ct. 375, 34 L. Ed. 2d 401 (1972) and violated petitioner's due process right to a fair trial. The magistrate judge issued a report and recommendation to deny the petition, finding the first ground to be procedurally defaulted and denying the second ground on the merits. The district judge determined both claims were procedurally defaulted but granted a certificate of appealability limited to the *Biggers* argument in the second claim. On October 6, 2011, the Sixth Circuit Court of Appeals determined that the *Biggers* claim was procedurally defaulted and petitioner had not established cause and prejudice nor made a showing of actual innocence.

Petitioner filed a motion for resentencing in the trial court on February 21, 2018. The court held a hearing on June 1, 2018 and imposed a term of post release control as to count three of petitioner's conviction. The remainder of the original sentence remained unchanged.

Petitioner appealed that sentence asserting the eight grounds for relief he asserts in this habeas petition. The Ohio Fifth District Court of Appeals dismissed the appeal on the grounds of *res judicata*, stating that these claims could and should have been asserted in his first appeal of right. The appellate court indicated it would only consider claims stemming from the resentencing hearing. The Supreme Court of Ohio declined to accept jurisdiction.

Petitioner has now filed his second petition for a writ of habeas corpus under § 2254 to challenge his 2004 convictions. He raises eight grounds for relief:

1. The trial court's permitting testimony of prior bad acts denied him due process.

2. His trial counsel provided ineffective assistance by failing to give a limiting instruction concerning prior bad acts testimony.

3. The in-court identification was impermissibly suggestive denying him due process.

4. His trial counsel provided ineffective assistance by failing to raise a *Biggers* objection when a witness identified petitioner for the first time in court.

5. His trial counsel provided ineffective assistance by failing to object to jury instructions.

6. His trial counsel provided ineffective assistance by failing to object to the prosecutor's questions.

7. His trial counsel provided ineffective assistance by failing to object to statements by the prosecutor that were not supported by evidence, such as petitioner or members of his party taking photographs of the dead body, and that members of his party moved the body and put a gun under a car.

8. His conviction is not supported by sufficient evidence on the elements of prior calculation and design.

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996 and applies to habeas corpus petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210, 123 S. Ct. 1398, 155 L. Ed. 2d 363 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, . . . and 'to further the principles of comity, finality, and federalism[.]'" *Woodford*, 538 U.S. at 206 (quoting *Williams v. Taylor*, 529 U.S. 362, 436, 120 S. Ct. 1479, 146 L. Ed. 2d 435 (2000)).

Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774–76 (6th Cir. 2008). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774–76 (6th Cir. 2008).

### III.    Procedural Barriers to Habeas Review

Before a federal court will review the merits of a petition for a writ of habeas corpus, a petitioner must overcome several procedural hurdles. Specifically, the petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory that is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner v. Smith,* 581 F.3d 410, 414 (6th Cir. 2009).

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). In these cases, the

5

state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991). Procedural default may occur in two ways. First, it occurs if petitioner fails to comply with state procedural rules in presenting his claim to the appropriate state court and is then barred from consideration of the claim on its merits. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Second, "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's 'ordinary appellate review procedures[,]' . . . [and now] state law no longer allows the petitioner to [assert it]." *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or a petitioner can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *See Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). If a petitioner fails to show cause for his procedural default, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986).

Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (*i.e.*, were not exhausted) or because they were not properly presented to the

state courts (*i.e.*, were procedurally defaulted), are generally not cognizable on federal habeas review.

In addition, district courts do not have jurisdiction to entertain a successive petition in the absence of an order from the Court of Appeals authorizing the filing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). When a second or successive petition is filed in this Court without § 2244(b)(3) authorization, this Court must transfer the petition to the Sixth Circuit Court of Appeals. *Id.*

Not all subsequent petitions relating to the same conviction or sentence, however, are considered successive. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998). To be "successive" within the meaning of the statute, the subsequent petition must relate to the same judgment of conviction or sentence under attack in the prior petition. *See In re Page*, 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein). A later petition is not successive where the first petition was dismissed without prejudice as premature or for failure to exhaust state court remedies. *See Slack v. McDaniel*, 529 U.S. 473, 485–86, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). In that context, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the Court of Appeals because the prior dispositions were not "on the merits." *See Slack*, 529 U.S. at 485–86. Conversely, when a prior petition is dismissed "on the merits," the petitioner must obtain authorization from the Court of Appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). These include second petitions filed after the petitioner's first petition was dismissed on grounds of procedural default, or on the grounds that it was barred by the statute of limitations. *See id., Staffney v. Booker*, No. 2:09-CV-14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009).

## IV. Analysis

This is petitioner's second habeas petition pertaining to his 2004 conviction. Before this Court can proceed with this case, it must determine if it is also a successive petition. It clearly attacks the same conviction as his prior petition. Petitioner, however, was resentenced in 2018 to include a term of post release control. The Sixth Circuit has held that, when a court alters a sentence to include post release control, it substantially and substantively changes the terms under which an individual is held "in custody" as referenced in 28 U.S.C. § 2254(a), (b)(1). That means it has created a new judgment for purposes of the second or successive assessment. *In re Stansell*, 828 F.3d 412, 413–20 (6th Cir. 2016). Although petitioner seeks to assert claims in this petition that pertain to his original trial, and not to his resentencing, it is still not a successive petition in the Sixth Circuit.

This, however, does not mean that the petition has overcome the other procedural barriers, particularly that of procedural default. In this case, the state courts determined petitioner's claims were barred by *res judicata* because they could and should have been asserted in his first appeal of right. This falls into the second category of procedural default, as petitioner failed to raise the claims in state court when the remedy was available to him and is now barred from asserting it by the state law of *res judicata*. Therefore, petitioner's claims will be barred from federal habeas review unless he can show cause for the default and actual prejudice that resulted from the alleged violation of federal law, or that there will be a fundamental miscarriage of justice if the claims are not considered. *Coleman*, 501 U.S. at 750. Petitioner offers no explanation for why he did not raise these claims in his first appeal of right and there is no suggestion of a fundamental miscarriage of justice. Petitioner is barred by procedural default from litigating the merits of these claims.

## V. Conclusion

For all the foregoing reasons, the petition for a writ of habeas corpus (Doc. No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

**IT IS SO ORDERED**.

Dated: March 6, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**